**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS GUY THOMASSON,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-11-2392** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **J. KOEHN, _et al.,_** | : | |
| | : | |
| **Defendants** | : | |

**O R D E R**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

The pro se plaintiff, Thomas Guy Thomasson, a federal inmate housed at USP-Canaan, in Waymart, Pennsylvania, has filed a motion for appointment of counsel.  In this civil rights case, Mr. Thomasson alleges, _inter alia,_ that he was placed in the Segregated Housing Unit (SHU) at USP-Canaan in retaliation for his questioning the Bureau of Prison's calculation of his sentence.  He also claims defendants assaulted him and inflicted physical injuries for which he was denied medical treatment all in violation of his Eighth Amendment rights.

In support of his motion for appointment of counsel, Mr. Thomasson alleges that he is unable to afford private counsel, he knows little about the law, and has limited access to legal materials as he is housed in administrative segregation.  He

also claims that he has unsuccessfully attempted to obtain counsel on his own and that he believes should this case go to trial, counsel would be better suited to present evidence and cross examine witnesses.  (Doc. 23, Mot. for Counsel).  For the reasons that follow the motion will be denied without prejudice.

There is no statutory or constitutional right to the appointment of counsel for pro se indigent civil litigants.  *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  However, district courts have broad discretionary powers to request an attorney to represent any person unable to afford counsel.  *See* 28 U.S.C. § 1915(e)(1); *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002)(citing *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993)).  Appointment of counsel may be made at any point in the litigation, including *sua sponte* by the Court.  *Montgomery*, 294 F.3d at 498 (citing *Tabron*, 6 F.3d at 156).

The United States Court of Appeals for the Third Circuit has stated that when deciding whether to appoint counsel, the threshold question is whether the litigant's case has arguable merit in law or fact.  *Montgomery*, 294 F.3d at 499 (emphasis added).  Next, if plaintiff's claims should overcome this review, the following non-exclusive matters are examined:

1.   the plaintiff's ability to present his or her own case;
2.   the difficulty of the particular legal issues;
3.   the degree to which factual investigation will be necessary and the plaintiff's ability to pursue investigation;
4.   the plaintiff's capacity to retain counsel on his or her own behalf;
5.   the extent to which a case is likely to turn on credibility determinations, and;

> 6.   whether the case will require testimony
>       from expert witnesses.

*Montgomery*, 294 F.3d at 499, *citing Tabron*, 6 F.3d at 155-57.  Further, there are

significant practical restraints that temper the court's ability to appoint counsel and

that volunteer lawyer time is a precious commodity.  Because volunteer lawyer time

is limited, every assignment of a volunteer lawyer to an undeserving client deprives

society of a volunteer lawyer for a deserving cause.  *Tabron*, 6 F.3d at 157.

This case is in its procedural infancy.  In the near future defendants will either

challenge the legal basis of the complaint or file an answer.  It is not until these

matters are resolved will the Court be able to examine the threshold question of the

arguable factual and legal merit of Mr. Thomasson's claims for the purpose of

appointing him counsel.  There is no evidence, at this point, that any prejudice will

result in the absence of counsel, especially given the very early procedural posture

of this case.  For these reasons, the Court is unable to conclude at this point that

Plaintiff will suffer substantial prejudice if he is required to proceed with the

prosecution of this case on his own.  The Court's liberal construction of *pro se*

pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972),

coupled with Plaintiff's apparent ability to litigate this action at this early stage of the

proceedings, weigh against the appointment of counsel at this moment.

Finally, while not determinative, it is also important to consider the effort

made by Plaintiff to retain an attorney on his own before asking the court to appoint

one.  *See Tabron*, 6 F.3d at 157 n.5.  Although Plaintiff states he has been

unsuccessful in obtaining counsel on his own, this factor alone does not warrant the

appointment of counsel.  As such, his pending motion will be denied.  If future proceedings demonstrate the need for counsel, the matter may be reconsidered either *sua sponte* or upon a motion properly filed by Plaintiff.

**ACCORDINGLY, THIS   27th   DAY OF JUNE, 2012, IT IS HEREBY ORDERED THAT** Mr. Thomasson's Motion for Appointment of Counsel (Doc. 23) is **DENIED** without prejudice.

 **/s/ A. Richard Caputo**
**A. RICHARD CAPUTO**
**United States District Judge**